■ LISTER ELECTRIC, INC., Respondent, v INCORPORATED VILLAGE OF CEDARHURST, Appellant.—In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (McGinity, J.), entered June 7, 1985, which denied its motion to vacate a judgment entered March 12, 1985.

Order affirmed, with costs.

In September 1970 the defendant village and the plaintiff's assignor entered into a contract concerning the installation of street lighting equipment. The contract was assigned to the plaintiff. Thereafter, in September 1980 a disagreement arose as to the value of certain equipment. An action was commenced in January 1981, and, after a nonjury trial, a judgment was entered in the plaintiff's favor on May 23, 1983. On appeal by the defendant, the judgment was affirmed by this court (see, Lister Elec. v Incorporated Vil. of Cedarhurst, 108 AD2d 731), and a second judgment reciting this court's affirmance was entered on March 12, 1985. The defendant then moved, pursuant to CPLR 5015 (a), to vacate the March 12 judgment upon the ground that the plaintiff failed to comply with CPLR 9802. It was alleged that at no time has the plaintiff filed a written verified claim with the Village Clerk, which is a condition precedent for commencing an action against a village, nor did the plaintiff plead compliance in its complaint. Based upon this failure, the defendant argued that the court never acquired subject matter jurisdiction, and, therefore, the judgment was void. The defendant does not advance this jurisdictional argument on appeal but, rather, argues that the plaintiff's failure to comply with CPLR 9802 constitutes a bar to this action and, in the interest of justice, this court should exercise its inherent power to relieve the defendant from the judgment.

We find that the facts of this case fall within those "peculiar circumstances" contemplated by the Court of Appeals in Salesian Socy. v Village of Ellenville (41 NY2d 521, 522), which warrant allowing recovery despite the plaintiff's failure to file a written verified claim with the village clerk. Here, the parties were engaged in litigation for over 4½ years. At no time, either before trial, during trial or on the initial appeal, did the defendant raise the issue of noncompliance with CPLR 9802. Under the circumstances herein, the failure of the

defendant village to raise the instant issue at any time prior to a final judgment being entered (after this court's affirmance of a prior judgment in favor of the plaintiff) precludes it from relying on the plaintiff's noncompliance with the requirements of CPLR 9802 (see, *Salesian Socy. v Village of Ellenville, supra,* at p 525). Weinstein, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.